The Court delivered their opinions,
 
 seriatim,
 
 to the following effect.
 

 Chew,
 
 President.
 

 The question turns upon the power to sell lands, contained in the Will of
 
 Elizabeth Ring.
 
 If the pow
 
 *292
 
 er had been to sell for the payment of debts, I should incline to the opinion, that the purchaser held the lands discharged from the debts. It has been the constant usage (and usage is the best interpreter of the laws) to give, by Will, the power to sell lands, for the payment of debts. The titles of purchasers under such powers, have never heretofore been called in question ; and they ought not now to be undermined. But, in the present instance, the power was only given by the Testatrix to sell the lands, for the payment of legacies : The Executor, in selling them for the payment of debts, has assumed a power, which is not given by the Will ; and if they were sold, with a view to the payment of legacies, the purchaser has no defence against creditors. I am, therefore, of opinion, that the judgment of the Supreme Court ought to be reversed.
 

 Shippen,
 
 Justice.
 

 Two questions arise in this cause : 1st. How far the lands of the deceased person are bound for his debts ? And 2d. How far a Testator may, by his Will, affect the right which his creditors have in his lands ?
 

 1st. Lands were made subject to the payment of debts, by agreement between the proprietors, and the first adventurers, for settling
 
 Pennsylvania,
 
 before they left
 
 England.
 
 This agreement was confirmed by a compact in 1682; and by a subsequent act of the Legislature lands were subjected to sale, for debts on judgment and execution, in suits against executors. It is obvious that the Legislature intended to give creditors as good a security, with regard to the lands, as to the chattels, of their debtors. The execution issues against the Executors ; and, by virtue of the writ, the lands of the Testator, in the hands of an heir, or devisee, may be levied on. In the last act for regulating descents (3
 
 Vol. Dall Edit. p. 523.)
 
 a strong intimation is given of the sense of the Legislature, that the lands are bound for the payment of debts, from the death of the debtor. This point seems, now, therefore, to be fairly at rest.
 

 2d. There can be no satisfactory reason, why a Testator should not have the power to order a sale of lands for the payment of his debts, provided the exercise of it does not militate with the general principle of the lien, which the law has given to creditors. This, however, is not the case before the Court; for, the power given to the Executors was to sell for the payment of legacies. Every purchaser is bound to know the law. An Executor, with a power to sell, stands on the same footing as any other Trustee, and must pursue the terms of his trust. The proceeds of the land, when disposed of, under a power to sell for the payment of legacies, cannot be considered as assets in the hands of the Executor ; so that if the sale were valid against creditors, they would be deprived of the security, which
 
 *293
 
 the policy, and positive provision, of our law, meant to give them.
 

 It appears, therefore, to me, that the judgment of the Supreme Court must be reversed.
 

 Smith,
 
 Justice.
 

 I do not feel myself at liberty to join in the decision of the general question, as I have acted in the character of an Executor, in a manner that may be affected by it. But I strongly incline to the opinion of the President, that a sale by an Executor, under a power to sell for the payment of debts, is valid ; and the purchaser will hold the lands discharged from the general lien in favor of creditors. The present case, however, is not of that description ; for, the Will only gives a power to sell for the payment of legacies ; and such a sale must be void as to the creditors.
 

 Biddle,
 
 President of the Philadelphia Common Pleas.
 
 I have no doubt in this case. A sale by Executors, under a power to sell for the payment of legacies, is not valid against creditors. If the power had been to sell for the payment of debts, a
 
 bona fide
 
 sale would, in my opinion, be good against creditors, and all the world.
 

 By the Court; Let the judgment of the Supreme Court be reversed.