The opinion of the court was delivered by
Duncan, J.
The merits of this case depend on two questions of law; — whether, under the will of Thomas Grant, authorizing his executors to sell his lands, for the payment of debts, and education of minor children, the vendee, on payment of the purchase money to his executors, would obtain a good title, unless prior mortgages, judgments in the county, or recognizances, bound the land; or whether he was to see to the application of the purchase money to the payment of the testator’s debts. Second, whether *262 the clause in the will, respecting the debt of William Cooke, amounts to such a schedule or specification of debts, as that the purchaser would be bound to see the money applied to the payment of that debt, or the debts generally. The opinion of the Court of Common Pleas is against the plaintiff in error on both questions.
Where the trust is for payment of debts generally, the purchaser is not bound to see to the application of the purchase money, although he has notice of the debts. For a purchaser cannot be expected to see to the observance of a trust so unlimited and undefined. But, if the trust be of such nature, that the purchaser can reasonably be expected to see to the application of the purchase money— as if it be for the payment of legacies, which are scheduled, or specified, he is bound to see that the money is applied accordingly.. But he is not bound to see the money applied, where the trust is for the payment of debts generally, and also for payment of legacies; because, to hold that he is liable to see the legacies paid, would in fact involve him in the account of the debts, which must; be first paid. These principles have been long and clearly established, as appears by the authorities referred to.
Taking these as our guides in the construction of this will, what: has this testator directed? What authority has he given to his executors? For what purposes was the sale to be made? For two'; for the payment of his debts generally — all his debts, not particular and specified debts, and for the education of his minor children. The education of his children, the purchaser never could see to; that could not be expected, as it might be, if it was for the payment of legacies. This would be certain; there would be nothing unreasonable in requiring him to look to that. The cases cited, particularly, Rogers v. Skillicorne, Ambler, 188, and the case of Jebb v. Abbot, Sugden on Vendors, 368, 373, Butler’s Note, (l) to Co. Litt. 290, are this very case; for payment of debts generally, and also for payment of legacies, the debts being general, though the legacies are specified.
If the whole money to pay both debts and legacies has been raised by a sale of part of the lands, the heir or devisee will be entitled to the lands unsold, and the creditors or legatees will have no remedy against the same, because the estate is not debtor for the fault of the trustees. 1 Salk. 152. The reason is a sound one: for where the act is a breach of duty of the trustees, it is fit that those who deal with them should be affected by an act tending to defeat the trust of which they have notice. But where the sale is made by trustees in performance of a duty, it would seem extraordinary, that they should not be able to do that which is indispensable to the right exercise of it, — the power to give a discharge.
If the decision in Hannum v. Spear, 1 Yeates, 553, 2 Dall. 291. in the High Court of Errors and Appeals, had decided that *263 on a devise for the payment of debts and legacies, the purchaser was bound to look to the application of the money, however inconvenient the doctrine might have been, I would not set up my private judgment against a decision by the highest tribunal in the state. The inconvenience must have been removed by legislative provision. But the decision was only, that on such devise for the payment of legacies, only the lien of the debts continued on the land sold. The late Chief Justice Siiippen assigns the true reason for the difference, between a power to sell land for the payment debts, and for payment of legacies: the purchaser, in the first instance must know, or ought to know, that the land is charged with' the payment of debts, and that the testator could not, by any will, give a power to his executors to sell for the payment of legacies, to the prejudice and exclusion of his creditors, who have a legal security in the land. It is, therefore, the opinion of this court, that on a sale by executors, authorized by will to sell for the payment of debts, and also legacies, the purchaser has nothing to do with the application of the money. The discharge of the executors is a good discharge to him; and that the reason applies with great force to a sale, as well for the payment of debts as the education of children.
Was the debt to Cooke a charge on the land? Waiving the inquiry, whether, as the case stood between William Cooke and the executors of Thomas Grant, it was a debt at all, (for the court refrain from giving an opinion as to this, as it is not necessarily in judgment,) admitting it to be a debt due by the testator to Cooke, was the operation of the statement by the testator of the transaction between him and his son, such an act as made it specially a charge on his land, or was it such a schedule as to make it the duty of the purchaser to see to its payment? I consider this clause to be simply a statement of a fact, and neither in express terms, or by any implication, charging specially his lands with its payment. As a charge on land, it would be futile. No man in Pennsylvania can by his will prefer any of his creditors, though he may do it by an act in his lifetime. All the lands of a deceased debtor are bound from the time of his death. On his death ail his lands are pledged to his creditors; payment is to be made in the order established by law, and not in the order the testator may appoint. The debts which a purchaser under such a devise as the present must see to, are liens by incumbrances, judgments, and mortgages in the county, and there were none here: and where the devise is for specified and enumerated debts and legacies, to say that Cooke’s debt fell within that description, would be to say, that this debt alone was charged on the lands of the testator, contrary to the manifest intention of the testator, which was to enable his executors to pay all his debts by a sale of bis lands, or to give an illegal preference to this debt above all others; and this he could not do. The schedule in Pennsylvania is not necessary to charge *264 the lands: the law has charged them. The schedule is only for greater certainty — for information. Here the testator did not intend this as a schedule of his debts, but simply a statement of a fact, the arrangement of an important transaction, fit to be known by his executors, and of which, perhaps, there was no other evidence. The same observation will apply to the judgments: they had no more binding efficacy as liens on this estate, than his other debts. As the debts stood, on the testator’s death, so they remained tó be discharged in the order prescribed by law.
There is, therefore, error in the opinion of the Court of Common Pleas, as the power to sell, being for the purpose of payment of debts, as well as for educating his minor children, enabled the executors to give a discharge and acquittance to the purchaser; and as the power of sale was not for the debts of the testator enumerated but for the payment of all his debts, all of which were a charge on his lands, the adding to this another purpose, which could be only answered after his debts were paid, did not impose on the purchaser any responsibility as to the application of the purchase money.
This power of executors to sell, is a very useful one, and the clause providing for the education of children a usual one; and, for myself, I am not prepared to say, that if a testator directs his executors to sell his lands for that purpose only, the executor selling and paying the debts, but wasting the fund for the support and education of the children, that the purchaser could be affected or the sale defeated, or the purchaser obliged to make up the deficiency. In that case, I rather think, the estate would not be the debtor, but the trustee. But all that is decided by the court is, that such an adjunct to the power to sell for the payment of debts, does not in any way affect the purchaser, who has discharged the purchase money. If it did, it would render the power a useless one, for no prudent man would buy under such a load of responsibility.
Judgment reversed, and a venire facias de novo awarded.