# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2018

Lyle W. Cayce
Clerk

No. 17-51134

DYRIAN K. STRONG,

Plaintiff-Appellant

v.

WARDEN J. GRIMES; UNIT MAJOR KIMBERLY GARZA; CAPTAIN FNU VELLA; LIEUTENANT FNU QUINTILA; CHAPLAIN FNU SHARPE; FNU BELL, Chairman, Texas Board of Criminal Justice; MS. FNU PALACIOS, Unit Grievance Investigation Officer; FNU MAYS, Unit Kitchen Sargeant; FNU BALZEN, Correctional Officer; MS. FNU GONZALES, Unit Gang Intelligence Officer; MR. FNU MAGEKA, Correctional Officer; FNU RENTERRIA, Correctional Officer; MR. FNU SANCHEZ, Correctional Officer; MR. FNU GUEVARA, Correctional Officer; MR. FNU AGUILAR, Correctional Officer; MR. FNU GAUSEPOHL, Correctional Officer; MR. FNU GONZALEZ, Correctional Officer; HEATHER GONZALES; RAY GUEVARA,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:15-CV-9

Before DENNIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-51134

Seeking to appeal the district court's rulings underlying the dismissal of his 42 U.S.C. § 1983 action against prison officials, Dyrian K. Strong, Texas prisoner # 01763248, moves this court for leave to proceed in forma pauperis (IFP). He also has filed motions requesting (1) service of process regarding the delivery of the summons and complaint to every defendant, (2) leave to amend his appeal so that he can challenge the involvement of a magistrate judge in his case, and (3) leave to object to the improper dismissal of his suit.

As an initial matter, this court "must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal in a civil case is a jurisdictional prerequisite where, as here, the time limit is set by statute. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007); 28 U.S.C. § 2107(a). Strong did not timely file a notice of appeal. His notice of appeal indicates that he is appealing the district court's November 2, 2017 orders that denied his motion for appointment of counsel and his motion to amend. Of those rulings, only the denial of appointment of counsel was an immediately appealable order. *Robbins v. Maggio*, 750 F.2d 405, 409, 413 (5th Cir. 1985); *see Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 546 (1949); *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 474, 491 (5th Cir. 2001). However, Strong did not file a notice of appeal within 30 days of the November 2, 2017 denial of appointment of counsel. § 2107(a); FED. R. APP. P. 4(a)(1)(A). As to the denial of his motion to amend, Strong did not file a notice of appeal after the district court's June 7, 2018 final judgment. *See Cohen*, 337 U.S. at 545; § 2107(a); FED. R. APP. P. 4(a)(1)(A).

Finally, to the extent Strong seeks to appeal the orders entered on December 18 and 19, 2017, he likewise has not filed a notice of appeal as to those orders. He has not done so at any point before or after the alleged

No. 17-51134

incident in January 2017 when prison authorities failed to mail an "amended" notice of appeal.

Because Strong did not timely file any notice of appeal, his appeal is DISMISSED for lack of jurisdiction. His pending motions are DENIED AS MOOT.