Justice GINSBURG delivered the opinion of the Court.
This case presents a question of time, specifically, time to file a notice of appeal from a district court's judgment. In Bowles v. Russell, 551 U.S. 205, 210-213, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), this Court clarified that an appeal filing deadline prescribed by statute will be regarded as "jurisdictional," meaning that late filing of the appeal notice necessitates dismissal of the appeal. But a time limit prescribed only in a court-made rule, Bowles acknowledged, is not jurisdictional; it is, instead, a mandatory claim-processing rule subject to forfeiture if not properly raised by the appellee. Ibid. ;
*17 Kontrick v. Ryan, 540 U.S. 443, 456, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). Because the Court of Appeals held jurisdictional a time limit specified in a rule, not in a statute, 835 F.3d 761, 763 (C.A.7 2016), we vacate that court's judgment dismissing the appeal.
I
A
"Only Congress may determine a lower federal court's subject-matter jurisdiction." Kontrick, 540 U.S., at 452, 124 S.Ct. 906 (citing U.S. Const. Art. III, § 1 ); Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 370, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) ("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction."). Accordingly, a provision governing the time to appeal in a civil action qualifies as jurisdictional only if Congress sets the time. See Bowles, 551 U.S., at 211-212, 127 S.Ct. 2360 (noting "the jurisdictional distinction between court-promulgated rules and limits enacted by Congress"); Sibbach v. Wilson & Co., 312 U.S. 1, 10, 61 S.Ct. 422, 85 L.Ed. 479 (1941) (noting "the inability of a court, by rule, to extend or restrict the jurisdiction conferred by a statute"). A time limit not prescribed by Congress ranks as a mandatory claim-processing rule, serving "to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." Henderson v. Shinseki, 562 U.S. 428, 435, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011).
This Court and other forums have sometimes overlooked this distinction, "mischaracteriz[ing] claim-processing rules or elements of a cause of action as jurisdictional limitations, particularly when that characterization was not central to the case, and thus did not require close analysis." Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 161, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010). But prevailing precedent makes the distinction critical. Failure to comply with a jurisdictional time prescription, we have maintained, deprives a court of adjudicatory authority over the case, necessitating dismissal-a "drastic" result. Shinseki, 562 U.S., at 435, 131 S.Ct. 1197 ; Bowles, 551 U.S., at 213, 127 S.Ct. 2360 ("[W]hen an 'appeal has not been prosecuted ... within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.' " (quoting United States v. Curry, 6 How. 106, 113, 12 L.Ed. 363 (1848) )). The jurisdictional defect is not subject to waiver or forfeiture[1] and may be raised at any time in the court of first instance and on direct appeal. Kontrick, 540 U.S., at 455, 124 S.Ct. 906.[2] In contrast to the ordinary operation of our adversarial system, courts are obliged to notice jurisdictional issues and raise them on their own initiative. Shinseki, 562 U.S., at 434, 131 S.Ct. 1197.
Mandatory claim-processing rules are less stern. If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited.
*18 Manrique v. United States, 581 U.S. ----, ----, 137 S.Ct. 1266, 1271-1272, 197 L.Ed.2d 599 (2017). "[C]laim-processing rules ... [ensure] relief to a party properly raising them, but do not compel the same result if the party forfeits them." Eberhart v. United States, 546 U.S. 12, 19, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam ).[3]
B
Petitioner Charmaine Hamer filed a complaint against respondents Neighborhood Housing Services of Chicago and Fannie Mae alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. The District Court granted respondents' motion for summary judgment on September 10, 2015, and entered final judgment on September 14, 2015. In the absence of a time extension, Hamer's notice of appeal would have been due by October 14, 2015. Fed. Rule App. Proc. 4(a)(1)(A).
On October 8, 2015, before the October 14 deadline for filing Hamer's notice of appeal, her attorneys made two motions.[4] First, they sought to withdraw as counsel because of their disagreement with Hamer on pursuit of an appeal. Second, they sought a two-month extension of the notice of appeal filing date, so that Hamer would have adequate time to engage new counsel for her appeal. App. to Pet. for Cert. 57-59. The District Court granted both motions on the same day and ordered extension of the deadline for Hamer's notice of appeal from October 14 to December 14, 2015. Id., at 60. Respondents did not move for reconsideration or otherwise raise any objection to the length of the extension.
In the docketing statement respondents filed in the Court of Appeals, they stated: "The United States Court of Appeals for the Seventh Circuit has jurisdiction over this appeal under 28 U.S.C. § 1291, in that on December 11, 2015, [Hamer] filed a timely Notice of Appeal from a final judgment of the United States District Court for the Northern District of Illinois that disposed of all of [Hamer's] claims against [respondents]." Id., at 63. Respondents' statement later reiterated: "On December 11, 2015, [Hamer] timely filed a Notice of Appeal...." Id., at 64. Nevertheless, the Court of Appeals, on its own initiative, questioned the timeliness of the appeal and instructed respondents to brief the issue. 835 F.3d, at 762. Respondents did so and, for the first time, asserted that the appeal was untimely, citing the relevant Rule confining extensions to 30 days. Id., at 762-763 (citing Fed. Rule App. Proc. 4(a)(5)(C) ). Concluding that it lacked jurisdiction to reach the merits, the Court of Appeals dismissed Hamer's appeal. 835 F.3d, at 763.[5] We granted certiorari.
*19 580 U.S. ----, 137 S.Ct. 1203, 197 L.Ed.2d 245 (2017).
II
A
Section 2107 of Title 28 of the U.S. Code, as enacted in 1948, allowed extensions of the time to file a notice of appeal, not exceeding 30 days, "upon a showing of excusable neglect based on failure of a party to learn of the entry of the judgment." Act of June 25, 1948, § 2107, 62 Stat. 963.[6] Nothing in the statute provided for extension of the time to file a notice of appeal when, as in this case, the judgment loser did receive notice of the entry of judgment. In 1991, Congress broadened the class of persons who could gain extensions to include all prospective appellants who showed "excusable neglect or good cause." § 12, 105 Stat. 1627. In addition, Congress retained a time prescription covering appellants who lacked notice of the entry of judgment: "[A] party entitled to notice of the entry of a judgment ... [who] did not receive such notice from the clerk or any party within 21 days of [the judgment's] entry" qualifies for a 14-day extension,[7] if "no party would be prejudiced [thereby]." § 2107(c). In full, § 2107(c) now provides:
"(c) The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause. In addition, if the district court finds-
"(1) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and
"(2) that no party would be prejudiced,
"the district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal."
In short, current § 2107(c), like the provision as initially enacted, specifies the length of an extension for cases in which the appellant lacked notice of the entry of judgment.[8] For other cases, the statute does not say how long an extension may run.
But Federal Rule of Appellate Procedure 4(a)(5)(C) does prescribe a limit: "No extension [of time for filing a notice of appeal] may exceed 30 days after the prescribed time [for filing a notice of appeal] or 14 days after the date [of] the order granting the [extension] motion ..., whichever is later." Unlike § 2107(c), we note, Rule 4(a)(5)(C) limits extensions of time to file a notice of appeal in all circumstances, not just in cases in which the prospective appellant lacked notice of the entry of judgment.
*20 B
Although Rule 4(a)(5)(C)'s limit on extensions of time appears nowhere in the text of § 2107(c), respondents now contend that Rule 4(a)(5)(C) has a "statutory basis" because § 2107(c) once limited extensions (to the extent it did authorize them) to 30 days. Brief for Respondents 17. No matter, respondents submit, that Congress struck the 30-day limit in 1991 and replaced it with a 14-day limit governing, as the 30-day limit did, only lack-of-notice cases; deleting the 30-day prescription, respondents conjecture, was "probably inadverten[t]." Id., at 1. In support of their argument that Congress accidentally failed to impose an all-purpose limit on extensions, respondents observe that the 1991 statute identifies Congress' aim as the enactment of "certain technical corrections in ... provisions of law relating to the courts." 105 Stat. 1623. They also note the caption of the relevant section of the amending statute: "Conformity with Rules of Appellate Procedure." Id., at 1627. Because striking the 30-day limit from § 2107 made the statute less like Rule 4(a)(5)(C), respondents reason, Congress likely erased the relevant paragraph absentmindedly. Hence, respondents conclude, "there is no reason to interpret the 1991 amendment as stripping Rule 4(a)(5)(C) of its jurisdictional significance." Brief for Respondents 2.
Overlooked by respondents, pre-1991 § 2107 never spoke to extensions for reasons other than lack of notice. In any event, we resist speculating whether Congress acted inadvertently. See Henson v. Santander Consumer USA Inc., 582 U.S. ----, ---- - ----, 137 S.Ct. 1718, 1725, 198 L.Ed.2d 177 (2017) ("[W]e will not presume with [respondents] that any result consistent with their account of the statute's overarching goal must be the law but will presume more modestly instead 'that [the] legislature says ... what it means and means ... what it says.' " (quoting Dodd v. United States, 545 U.S. 353, 357, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005) )); Magwood v. Patterson, 561 U.S. 320, 334, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010) ("We cannot replace the actual text with speculation as to Congress' intent."). The rule of decision our precedent shapes is both clear and easy to apply: If a time prescription governing the transfer of adjudicatory authority from one Article III court to another appears in a statute, the limitation is jurisdictional, supra, at 15; otherwise, the time specification fits within the claim-processing category, ibid.[9]
*21 In dismissing Hamer's appeal for want of jurisdiction, the Court of Appeals relied heavily on our decision in Bowles . We therefore reiterate what that precedent conveys. There, petitioner Keith Bowles did not receive timely notice of the entry of a postjudgment order and consequently failed to file a timely notice of appeal. Bowles v. Russell, 432 F.3d 668, 670 (C.A.6 2005). When Bowles learned of the postjudgment order, he moved for an extension under Federal Rule of Appellate Procedure 4(a)(6), which implements § 2107(c)'s authorization of extensions in lack-of-notice cases. Ibid. The District Court granted Bowles's motion, but inexplicably provided a 17-day extension, rather than the 14-day extension authorized by § 2107(c). Bowles, 551 U.S., at 207, 127 S.Ct. 2360. Bowles filed his notice of appeal within the 17 days allowed by the District Court but outside the 14 days allowed by § 2107(c). Ibid. "Because Congress specifically limited the amount of time by which district courts can extend the notice-of-appeal period in § 2107(c)," we explained, the Court of Appeals lacked jurisdiction over Bowles's tardy appeal. Id., at 213, 127 S.Ct. 2360.
Quoting Bowles at length, the Court of Appeals in this case reasoned that "[l]ike Rule 4(a)(6), Rule 4(a)(5)(C) is the vehicle by which § 2107(c) is employed and it limits a district court's authority to extend the notice of appeal filing deadline to no more than an additional 30 days." 835 F.3d, at 763. In conflating Rule 4(a)(5)(C) with § 2107(c), the Court of Appeals failed to grasp the distinction our decisions delineate between jurisdictional appeal filing deadlines and mandatory claim-processing rules, and therefore misapplied Bowles .
Several Courts of Appeals,[10] including the Court of Appeals in Hamer's case, have tripped over our statement in Bowles that "the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.' " 551 U.S., at 209, 127 S.Ct. 2360 (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam )). The "mandatory and jurisdictional" formulation is a characterization left over from days when we were "less than meticulous" in our use of the term "jurisdictional." Kontrick, 540 U.S., at 454, 124 S.Ct. 906.[11] The statement was correct as applied in Bowles because, as the Court there explained, the time prescription at issue in Bowles was imposed by Congress. 551 U.S., at 209-213, 127 S.Ct. 2360. But "mandatory and jurisdictional" is erroneous and confounding terminology where, as here, the relevant time prescription is absent from the U.S. Code. Because Rule 4(a)(5)(C), not § 2107, limits the length of the extension granted here, the time prescription is not jurisdictional. See Youkelsone v. FDIC, 660 F.3d 473, 475 (C.A.D.C.2011) (" Rule 4(a)(5)(C)'s thirty-day limit on the length of any extension ultimately granted appears nowhere in the U.S. Code.").
*22 For the reasons stated, the Court of Appeals erroneously treated as jurisdictional Rule 4(a)(5)(C)'s 30-day limitation on extensions of time to file a notice of appeal. We therefore vacate that court's judgment and remand the case for further proceedings consistent with this opinion. We note, in this regard, that our decision does not reach issues raised by Hamer, but left unaddressed by the Court of Appeals, including: (1) whether respondents' failure to raise any objection in the District Court to the overlong time extension, by itself, effected a forfeiture, see Brief for Petitioner 21-22; (2) whether respondents could gain review of the District Court's time extension only by filing their own appeal notice, see id., at 23-27; and (3) whether equitable considerations may occasion an exception to Rule 4(a)(5)(C)'s time constraint, see id., at 29-43.
It is so ordered.

The terms waiver and forfeiture-though often used interchangeably by jurists and litigants-are not synonymous. "[F]orfeiture is the failure to make the timely assertion of a right [;] waiver is the 'intentional relinquishment or abandonment of a known right.' " United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ).

Subject-matter jurisdiction cannot be attacked collaterally, however. Kontrick v. Ryan, 540 U.S. 443, 455, n. 9, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (citing Des Moines Nav. & R. Co. v. Iowa Homestead Co., 123 U.S. 552, 557-559, 8 S.Ct. 217, 31 L.Ed. 202 (1887) ).

We have reserved whether mandatory claim-processing rules may be subject to equitable exceptions. See Kontrick, 540 U.S., at 457, 124 S.Ct. 906.

Movants were the attorney appointed by the court to represent Hamer and two other attorneys who entered appearances as co-counsel. App. to Pet. for Cert. 57-59.

The Court of Appeals incorrectly stated that respondents, answering the Seventh Circuit's inquiry, asserted that the appeals court "lack[ed] jurisdiction over [Hamer's] appeal." 835 F.3d, at 763. In fact, respondents maintained that "the timeliness of Hamer's appeal d [id] not appear to be jurisdictional according to [Circuit] law." App. to Pet. for Cert. 71 (capitalization and footnote omitted). That was so, respondents explained, because "the time limits found [in] Fed. R[ule] App. P[roc.] 4 (a)(5)(C) ... lack a statutory basis." Id., at 77. Even if not jurisdictional, respondents continued, the Rule is mandatory and must be observed unless forfeited or waived. Ibid.

As enacted, the pertinent paragraph of § 2107 provided in full: "The district court, in any such action, suit or proceeding, may extend the time for appeal not exceeding thirty days from the expiration of the original time herein prescribed, upon a showing of excusable neglect based on failure of a party to learn of the entry of the judgment, order or decree." Act of June 25, 1948, § 2107, 62 Stat. 963.

The 14-day prescription cuts back the original limit of 30 days.

The statute describes the 14-day extension permitted in lack-of-notice cases as a "reopening [of] the time for appeal." § 2107(c). The "reopening" period is the functional equivalent of an extension. See Brief for American Academy of Appellate Lawyers as Amicus Curiae 5-6.

In cases not involving the timebound transfer of adjudicatory authority from one Article III court to another, we have additionally applied a clear-statement rule: "A rule is jurisdictional '[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional.' " Gonzalez v. Thaler, 565 U.S. 134, 141, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 515, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ). See also, e.g., Henderson v. Shinseki, 562 U.S. 428, 431, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011) (statutory deadline for filing notice of appeal with Article I tribunal held not jurisdictional). "This is not to say that Congress must incant magic words in order to speak clearly," however. Sebelius v. Auburn Regional Medical Center, 568 U.S. 145, 153, 133 S.Ct. 817, 184 L.Ed.2d 627 (2013). In determining whether Congress intended a particular provision to be jurisdictional, "[w]e consider 'context, including this Court's interpretations of similar provisions in many years past,' as probative of [Congress' intent]." Id., at 153-154, 133 S.Ct. 817 (quoting Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 168, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010) ). Even so, "in applying th[e] clear statement rule, we have made plain that most [statutory] time bars are nonjurisdictional." United States v. Kwai Fun Wong, 575 U.S. ----, ----, 135 S.Ct. 1625, 1632, 191 L.Ed.2d 533 (2015).

See Freidzon v. OAO LUKOIL, 644 Fed.Appx. 52, 53 (C.A.2 2016) ; Peters v. Williams, 353 Fed.Appx. 136, 137 (C.A.10 2009) ; United States v. Hawkins, 298 Fed.Appx. 275 (C.A.4 2008).

Indeed, the formulation took flight from a case in which we mistakenly suggested that a claim-processing rule was "mandatory and jurisdictional." See United States v. Robinson, 361 U.S. 220, 224, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). We have since clarified that "Robinson is correct not because the District Court lacked subject-matter jurisdiction, but because district courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked." Eberhart v. United States, 546 U.S. 12, 17, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam ).
* * *