**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 28, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JUAN VARGAS,

      Defendant-Appellant.

No. 17-3029
(D.C. No. 6:13-CR-10193-JTM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

    This appeal grew out of a car search. The search yielded methamphetamine concealed in a spare tire in Mr. Juan Vargas's trunk. Mr. Vargas moved to suppress evidence of the methamphetamine on the ground that law enforcement officers had exceeded the scope of consent when searching the contents of the spare tire. The district court denied the motion, finding that the officers obtained probable cause to search the tire during the part of the search conducted with Mr. Vargas's consent. With

---

[*]    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and Tenth Cir. R. 32.1(A).

this finding, Mr. Vargas pleaded guilty to possession of methamphetamine with intent to distribute.[1]

On appeal, Mr. Vargas argues that the evidence should have been suppressed because his consent had not extended to the search of his trunk. In addition, he faults the district court for failing to make further findings on the scope of his consent. But in district court, Mr. Vargas did not challenge the officers' look inside the trunk. Thus, he forfeited his present argument on the scope of his consent, and the district court had no need to make findings on this issue. We affirm.

## I.    The Search of the Trunk

Mr. Vargas was stopped for speeding and asked if he had any drugs in the car. He said "no." The officer asked if he could "look real quick," and Mr. Vargas replied "sure."

After looking inside the car, two officers opened the trunk. One officer noticed that the spare tire was not secured in the tire well, that the tire's tread had worn down, that there were tool marks on the rim, and that the spare tire was a different brand than the rest of the tires. The officer removed the spare tire, bounced it on the ground, and heard something shift in the tire when it bounced. The sound led the officer to believe that there were drugs in the tire, so he poked a hole in the tire and saw gray

---

[1]    Mr. Vargas preserved his right to appeal the denial of his motion to suppress.

2

duct tape, plastic baggies, and white powder. The entire search took about two minutes.

Authorities eventually found five bundles of methamphetamine in the tire. Mr. Vargas moved to suppress the evidence, arguing that the search exceeded the scope of his consent when the officers searched and destroyed the spare tire. The district court denied the motion to suppress, reasoning that the officers obtained probable cause to search the tire during the part of the search conducted with Mr. Vargas's consent.

On appeal, Mr. Vargas contends that (1) the search of the trunk exceeded the scope of his consent and (2) the district court's findings on consent were insufficient. Mr. Vargas forfeited the first contention. With this forfeiture, the district court had no reason to make further findings on consent.

## II.    Standard for Forfeiture of an Appellate Issue

An appellate issue is forfeited when it is not timely asserted in district court. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, ___ U.S. ___, 138 S. Ct. 13, 17 n.1 (2017) ("[F]orfeiture is the failure to make the timely assertion of a right." (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (alteration in original)). Thus, an argument for suppression of

evidence is forfeited when presented for the first time on appeal. *United States v. Brooks*, 438 F.3d 1231, 1240 (10th Cir. 2006).[2]

To preserve the issue, an appellant's argument in district court must go beyond "vague, all-encompassing statements that fail to alert the . . . court to the issue eventually raised on appeal." *United States v. Rodebaugh*, 798 F.3d 1281, 1313 (10th Cir. 2015). Instead, the appellant must "make 'sufficiently definite, specific, detailed and nonconjectural factual allegations supporting'" a claim. *United States v. White*, 584 F.3d 935, 949 (10th Cir. 2009) (quoting *United States v. Gambino-Zavala*, 539 F.3d 1221, 1227 n.2 (10th Cir. 2008)).

## III. Forfeiture of Mr. Vargas's Argument Involving Consent to Look Inside the Trunk

Mr. Vargas makes two contentions for preservation of his argument that he didn't consent to a search of the trunk:

1. He adequately raised the issue before the district court in his motion to suppress the evidence.

2. The question of consent to look inside the trunk is antecedent to the claim raised in district court.

Both contentions fail.

---

[2] The government characterizes the failure to present the current argument in district court as a waiver (rather than forfeiture) based on Federal Rule of Criminal Procedure 12(c)(3). Because Mr. Vargas failed to request plain-error review, we would decline to consider his argument regardless of whether it had been forfeited or waived. *See Richison v. Ernest Grp.*, 634 F.3d 1123, 1131 (10th Cir. 2011). Thus, we assume (without deciding) that the failure to preserve the current argument in district court would result in a forfeiture rather than a waiver.

4

### A. Sufficiency of Mr. Vargas's Presentation of His Current Argument in District Court

According to Mr. Vargas, he argued in district court that he had not consented to a search of the trunk. The motion to suppress summarized Mr. Vargas's arguments about the scope of his consent:

> One, no reasonable person would believe the consent given in this case would allow an officer to destroy the spare tire. And, two, Mr. Vargas's consent to "take a look real quick" did not allow the officers to go into the trunk and cut open a mounted tire.

R. vol. 1, at 14. Mr. Vargas characterizes the two sentences as challenges to the scope of his consent on

- the destruction of the tire and

- the look inside his trunk.

Otherwise, he says the two sentences would involve duplicative challenges to the destruction of the tire. Mr. Vargas is incorrect for two reasons.

First, even if Mr. Vargas presented two different arguments on the scope of his consent, it does not necessarily follow that one of these arguments addressed the search of his trunk. It is undisputed that the first sentence objected to the destruction of the tire. But the second sentence can be read as an objection confined to the removal and cutting of his tire. The reference to the trunk arguably indicated only where the spare tire was located.

But let's assume that Mr. Vargas is right about the stated difference in his two points. It wouldn't matter: We are not parsing his words as we might when interpreting a contract; we are reviewing his words to determine whether Mr. Vargas adequately presented his current argument in district court. The district court should not have to dig into possible differences between the two sentences to figure out that Mr. Vargas was disputing consent to look in the trunk.

His perfunctory objection to the search of the trunk did not provide the district court with a fair opportunity to rule on the issue, for Mr. Vargas made no arguments for why his consent was limited to the interior of the car and cited no case law supporting such an argument.[3] Thus, Mr. Vargas's "'arguable reference[ ] to [the] point in district court proceedings [does] not . . . preserve the issue on appeal.'" *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 721 (10th Cir. 1993) (quoting *Monarch Life Ins. Co. v. Elam*, 918 F.2d 201, 203 (D.C. Cir. 1990)) (omission in original).

---

[3]  Mr. Vargas contends that he cited *United States v. Ledesma*, 447 F.3d 1307 (10th Cir. 2006), as support for his argument that the consent had not extended to a search of the trunk. His parenthetical citation explains that this case "rel[ied] on probable cause, not consent, to support a search behind the interior panels of a van when the initial consent was for 'bags and stuff.'" R. vol. 1, at 19. The *Ledesma* court's statements about interior panels and hidden compartments relate to the search of a mounted spare tire containing hidden contraband, not an obvious, unconcealed trunk.

Even if Mr. Vargas argued to the district court that his consent did not extend to a search of the trunk, the argument was undeveloped, unsupported, and insufficient to avoid forfeiture.

## B.    Preservation of an Antecedent Question

Mr. Vargas also argues that his objection was preserved because the search of the trunk is a question antecedent to the claim raised in district court (that the consent did not cover the search and destruction of the tire). Mr. Vargas is incorrect.

He relies on *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995). There the Supreme Court held that if an issue is not properly raised in a certiorari petition, the Court can still consider that issue if it is "both prior to the clearly presented question and dependent upon many of the same factual inquiries" as the clearly presented question. *Lebron*, 513 U.S. at 382. We have applied *Lebron* only once in a precedential opinion, holding that we can consider an entity theory on appeal when antecedent to an agency theory raised in district court. *United States v. Ackerman*, 831 F.3d 1292, 1298-99 (10th Cir. 2016). Mr. Vargas's reliance on *Lebron* is misguided.

*Lebron* provides that to preserve an antecedent question not raised in district court, the question must involve the same factual inquiry as the clearly presented issue. *Lebron*, 513 U.S. at 382. Here, however, different factors would bear on consent to (1) look inside the trunk and (2) cut open

7

the tire. Indeed, in his motion to suppress, Mr. Vargas cited cases addressing only whether the scope of consent extends to the removal and destruction of property. These cases were directly related to the search and destruction of the tire but only tangentially related to the search of the trunk. Thus, *Lebron* does not preclude forfeiture of Mr. Vargas's appellate argument.

**IV.    Sufficiency of the Findings on Consent**

Mr. Vargas also challenges the sufficiency of the district court's findings on consent to look inside the trunk. The court stated that the officers' search was lawful only if "the 'officers obtained probable cause to search the tire during the portion of the search to which the defendant did consent.'" R. vol. 1, at 39 (quoting *United States v. Carbajal-Iriarte*, 586 F.3d 795, 802-03 (10th Cir. 2009)). We reject Mr. Vargas's challenge to the sufficiency of the finding.

When a motion raises a factual issue, the district court "must state its essential findings on the record." Fed. R. Crim. P. 12(d). This requirement is satisfied "as long as the essential basis of the court's decision is apparent." *United States v. Toro-Pelaez*, 107 F.3d 819, 824 (10th Cir. 1997).

In our view, the requirement was satisfied. In district court, Mr. Vargas did not question consent to look inside the trunk. Instead, he argued that consent to take "a real quick look did not include taking a

knife to a mounted spare tire that was in the trunk." R. vol. 1, at 19. In response, the government argued that Mr. Vargas's consent had "extended to the entire vehicle." *Id.* at 27. Mr. Vargas did not argue to the contrary.

The district court focused on consent to cut the tire because that was what Mr. Vargas had disputed. The district court did not make findings on consent to look inside the trunk because that was not at issue. Thus, the district court did not err in declining to make express findings on consent to look inside the trunk.

## V.    Conclusion

Mr. Vargas forfeited his argument that the scope of his consent had not extended to a search of the trunk. First, in his motion to suppress in district court, Mr. Vargas objected only to the search and destruction of the tire, not to the search of the trunk. Second, Mr. Vargas did not preserve the argument by raising an antecedent issue. Thus, Mr. Vargas forfeited his appellate argument involving consent to look inside the trunk. Because Mr. Vargas forfeited this argument, the district court had no reason to make further findings on consent. Thus, we affirm.

Entered for the Court


Robert E Bacharach
Circuit Judge

9