# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3608

_____

Johnnie Rochell, Jr.

*Plaintiff - Appellee*

v.

City of Springdale Police Department; City of Fayetteville Police Department; Officer Sutley, Fayetteville; Officer Hunter Carnahan, Fayetteville; Detective Anthony Smith; Officer Motsinger, #3096 Springdale; A. Reznicek, Fayetteville

*Defendant*s

Detective Cody Ross, Springdale, Individual Capacity

*Defendant - Appellant*

Officer Chris Denton, #253 Fayetteville; Officer Jill Chalfant; Corporal Kim Allen Adee, #106 Fayetteville; Detective Frank Gamble, Springdale; Officer Unknown Badge, #318 Springdale; Det. David Williams, #198 Fayetteville; Officer Daniel L. Robbins, #245 Fayetteville; Justin Ingram, #358 Springdale; Officer Knotts, #205 Fayetteville; Kimberly Shepherd, Fayetteville; Officer David Baker, Springdale; L. Rota, Fayetteville; Officer Derek Hudson, Springdale; Marion J. McCandless, named changed from M. Candless; City of Springdale, Arkansas

*Defendant*s

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 6, 2018
Filed: April 25, 2019
[Unpublished]
_____

Before COLLOTON, BOWMAN, and KELLY, Circuit Judges.
_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, City of Springdale Detective Cody Ross appeals the district court's[1] interlocutory orders denying him qualified and statutory immunity on excessive-force and false-imprisonment claims asserted against him by Johnnie Rochell, Jr.  We affirm.

In an appeal from an interlocutory order denying qualified immunity, this court has jurisdiction to review abstract issues of law, but may not review the district court's determination that the evidence was sufficient to permit a particular finding of fact.  See Shannon v. Koehler, 616 F.3d 855, 860–61 (8th Cir. 2010).  We conclude that the facts the district court found sufficiently supported at summary judgment gave rise to a Fourth Amendment violation because a police officer uses excessive force by pointing his service weapon at the head of a suspect who has dropped his weapon, has submitted to arrest, and no longer poses an immediate threat to the safety of officers or others.  See Graham v. Connor, 490 U.S. 386, 394–96 (1989) (when determining whether force was excessive, relevant considerations include severity of crime, threat suspect posed to officers or others, and whether suspect resisted arrest or attempted to flee); Wilson v. Lamp, 901 F.3d 981, 989–90 (8th Cir. 2018) (officers may reasonably brandish weapons when confronted with serious danger in course of investigative stops, but they are not permitted to ignore changing circumstances and

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

-2-

new information that emerges; although officers were initially justified in approaching vehicle with service weapons drawn, continued pointing of weapons became unreasonable once they realized driver and passenger did not pose threat). We further conclude that this right was clearly established in February 2016, when the incident underlying Rochell's claims occurred. See Thompson v. City of Monticello, 894 F.3d 993, 999 (8th Cir. 2018) ("A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. While clearly established law should not be defined at a high level of generality it is not necessary, of course, that the very action in question has previously been held unlawful." (cleaned up)); see also Wilson, 901 F.3d at 990–91 (plaintiffs' right to be free from excessive force, i.e., not having officers' service weapons continuously drawn and pointed at them after officers realized they posed no threat, was well-established in September 2014).

We decline to address Ross's remaining arguments on the excessive-force claim because they impermissibly construe disputed facts in his favor and contradict facts the district court found sufficiently supported at summary judgment. See Thompson, 894 F.3d at 999 (on interlocutory appeal from denial of qualified immunity, appellant who construes disputed facts in his own favor effectively asks this court to review matter over which it lacks jurisdiction, i.e., which facts plaintiff may, or may not, be able to prove at trial); Shannon, 616 F.3d at 860–61 (on interlocutory appeal from denial of qualified immunity, this court may not review district court's determination that evidence was sufficient to permit particular finding of fact).

On the false-imprisonment claim, Ross argues only that the district court erred in denying him statutory immunity.[2] We conclude that this issue is not properly

---

[2]To the extent that Rochell stated a false-imprisonment claim under the Fourth

before us because Ross first sought summary judgment on that basis in a motion for reconsideration of the denial of qualified immunity, and he did not file a new or amended notice of appeal after the district court denied that motion. See Fed. R. App. P. 4(a)(4)(B)(ii) (in a civil case, a party intending to challenge an order disposing of a motion under Fed. R. Civ. P. 59 or 60 must file a notice of appeal or amended notice of appeal within prescribed time frame); see also 28 U.S.C. § 2107(a) (no appeal shall bring any order entered in civil action before court of appeals for review unless notice of appeal is filed within 30 days after entry of such order); Hamer v. Neighborhood Hous. Servs. of Chi., 138 S. Ct. 13, 16–17, 21 (2017) (compliance with § 2107's requirements is jurisdictional).

Accordingly, we affirm the district court's denial of qualified immunity.

COLLOTON, Circuit Judge, concurring.

In qualified immunity cases like this one, the plaintiff must establish that defendant's alleged conduct violated a clearly established right, and "the clearly established right must be defined with specificity." *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019). "Use of excessive force is an area of the law in which the result depends very much on the facts of each case, and thus police officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue." *Kisela v. Hughes*, 138 S. Ct. 1148 (2018) (per curiam) (internal quotations committed). On plaintiff Rochell's excessive force claim against defendant Ross, the district court acknowledged that there was no case in this circuit with the fact pattern alleged here, but nonetheless denied qualified immunity. Ross

---

Amendment, the district court denied Ross qualified immunity on that claim. Ross has not appealed that determination, and we decline to opine on the propriety of the district court's analysis.

understandably objects on appeal that the district court failed to conduct its analysis at the proper level of specificity.

After the briefs were filed in this case, however, a panel of this court decided *Wilson v. Lamp*, 901 F.3d 981 (8th Cir. 2018). *Wilson* held not only that pointing a firearm at a compliant suspect was unreasonable, but that the unreasonableness of that conduct was clearly established as of September 2014—more than a year before the incident in this case. The *Wilson* decision is debatable. Despite the Supreme Court's admonition to ask whether "existing precedent squarely governs the specific facts at issue," *Wilson* relied on cases involving the use of physical force or violence against compliant subjects to conclude that the unreasonableness of pointing a gun was clearly established. *Id*. at 990-91.

But given *Wilson*'s definition of what was clearly established law in 2014, I agree that the district court's order denying qualified immunity on the excessive force claim must be affirmed. Under the alleged facts, after all, Ross did not merely point a gun at a compliant Rochell; the claim is that he pressed his firearm behind Rochell's ear and said, "I'll blow your f*****g brains out if you ever approach me like that again." If it violated clearly established law for a defendant in *Wilson* simply to keep his gun pointed at a compliant subject, then it follows *a fortiori* that Ross's alleged action did too.

The district court also denied Ross qualified immunity on Rochell's Fourth Amendment claim for false imprisonment, but Ross did not appeal that issue, and this court therefore does not resolve it. Because Ross's stated reason for arresting Rochell was his alleged unlawful possession of a firearm, the district court seemed to believe that Ross could not rely on Rochell's undisputed commission of a disorderly conduct offense to justify arresting and detaining him. R. Doc. 69, at 21-22. Under the Fourth Amendment, however, "an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck v. Alford*, 543

U.S. 146, 153 (2004); *see Carpenter v. Gage*, 686 F.3d 644, 649 (8th Cir. 2012) ("That the deputies' subjective reason for arresting Carpenter may have been different does not invalidate the arrest."). This proposition may be considered further as the case proceeds.

———————————————