# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 18-20708
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ARMANDO RAMIREZ, JR.,

      Defendant-Appellant.

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:01-CR-72-2

———————

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges:

PER CURIAM:[*]

      Armando Ramirez, Jr., federal prisoner # 95736-079, appeals the denial of his 18 U.S.C. § 3582(c) motion for reduction of sentence and the denial of his motion for reconsideration. In his § 3582(c) motion, Ramirez sought a reduction in the sentence of 324 months of imprisonment that he received following his 2001 conviction of conspiracy to possess with intent to distribute five kilograms or more of cocaine and aiding and abetting the possession with

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20708

intent to distribute five kilograms or more of cocaine.  The Government seeks dismissal of the appeal because Ramirez failed to file a timely notice of appeal.

Ramirez filed his notice of appeal after the expiration of the time for filing a timely appeal and beyond the time during which the district court could have granted him an extension upon a showing of either excusable neglect or good cause.  *See* FED. R. APP. P. 4(b)(1)(A), (b)(4); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (per curiam).  Federal Rule of Appellate Procedure 4(b)'s mandatory time limits for filing a notice of appeal in a criminal case are not jurisdictional.  *See United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007) (per curiam); *see also Virgin Islands v. Martinez*, 620 F.3d 321, 328 (3d Cir. 2010).  We must, however, enforce those limits and dismiss the appeal where, as here, the Government raises the untimeliness issue.  *See United States v. Hernandez-Gomez*, 795 F.3d 510, 511 (5th Cir. 2015) (per curiam); *see also Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17–18 (2017).

Accordingly, Ramirez's appeal is DISMISSED as untimely.