*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# District of Columbia Court of Appeals

FILED 11/23/2022
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

No. 22-CV-712

CHRISTOPHER PHILIP LOZA,

          Appellant,

v.                                 **2021 CAP 4839**

DISTRICT OF COLUMBIA
OFFICE OF HUMAN RIGHTS, *et al.*,

          Appellees.


BEFORE:    Glickman and Deahl, Associate Judges, and Washington, Senior Judge.

## PUBLISHED ORDER
(FILED—November 23, 2022)

Appellee, the Berkeley Research Group, has filed a motion to dismiss this appeal as untimely filed under D.C. App. R. 4(a). That rule generally requires an aggrieved party to file their notice of appeal "within 30 days after entry of the judgment" complained of, *id.*, and in this case, appellant Christopher Loza did not note his appeal from an August 15, 2022, order until September 15, 2022, which was 31 days after entry of the judgment. The Berkeley Research Group therefore argues that the appeal was noted one day late and should be dismissed because, as we have held, Rule 4 is a "mandatory claim-processing rule" which "must be enforced" when "properly invoked." *Deloatch v. Sessoms-Deloatch*, 229 A.3d 486, 491 (D.C. 2020) (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S.Ct. 13, 17 (2017)). Because Berkeley Research Group is mistaken to assert that this appeal was untimely, we deny its motion to dismiss. We further publish this order to provide guidance on D.C. App. Rule 4(a)(6), which extended Loza's right to file his notice of appeal by five days, and he therefore had 35 days to file his notice of appeal, and he did so within that applicable timeframe.

Rule 4(a)(6) states that "[w]hen a judgment or final order is signed or decided outside the presence of the parties and counsel, such judgment or order will not be considered as having been entered, for the purpose of calculating the time for filing a notice of appeal, *until the fifth day* after the Clerk of the Superior Court has made an entry on the docket reflecting service of notice by that Clerk." D.C. App. R. 4(a)(6) (emphasis added). Here, the August 15, 2022, order appealed was a written order that indicated it was "Signed in Chambers" and outside the presence of parties and counsel. There was no contemporaneous hearing that day and no oral pronouncement of the order in the presence of the parties or counsel. In short, Rule 4(a)(6) applies by its plain terms so that the 30 days to file a notice of appeal did not begin to run until the fifth day after August 15—that is, no earlier than August 20, 2022—and Loza's September 15 notice of appeal was therefore within the 30 days allotted and timely. *Cf. In re Harrington*, 283 A.3d 714, 718 n.7 (D.C. 2022) (taking no position on whether the five days in the current version of Rule 4(a)(6) are business or calendar days because the appeal would be timely either way).

It could certainly be argued, as a policy matter, that Rule 4(a)(6) should not apply to orders that are electronically served on the parties on the day they are issued, as this one appears to have been. The purpose of the rule seems to be to provide several days for a party to receive notice of an adverse order announced outside their presence before the 30-day deadline begins to run, though that rationale may be outdated in an era of e-service and near-simultaneous notice of orders. But regardless of whether one might second-guess the wisdom of the rule's application here, that policy consideration has no bearing because the terms of Rule 4(a)(6) are clear, and the rule applies to all orders signed or decided outside the presence of parties or counsel, however they are ultimately served, including when service is electronic and immediate. It is therefore

ORDERED that the motion to dismiss is denied. It is

FURTHER ORDERED that appellant's brief and the appendix including the documents required by D.C. App. R. 30(a)(1), shall be filed within 40 days of the date of this order, and appellees' briefs shall be filed within 30 days thereafter. *See* D.C. App. R. 31.

**PER CURIAM**