[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14010

Non-Argument Calendar

_____

MICHAEL DEWAYNE ARRINGTON,

Plaintiff-Appellant,

*versus*

MIAMI DADE COUNTY PUBLIC SCHOOL DISTRICT,
ALBERTO CARVALHO,
individually and in his official capacity as
Superintendent and/or Director of Miami-Dade
County Public Schools District,
GEORGE T. BAKER AVIATION SCHOOL,
SEAN GALLAGAN,
individually and in his official capacity as
Principal of George T. Baker Aviation School,
GEORGE W. SANDS,

2                     Opinion of the Court                    23-14010

individually and in his official capacity as
Assistant Principal, George T. Baker
Aviation School, et al,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cv-24114-JEM

_____

Before BRANCH, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. The 30-day statutory time limit required Michael Arrington to file a notice of appeal from the district court's order entered on November 1, 2023 by December 1, 2023. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). However, Arrington did not file his notice of appeal until December 4, 2023.

Further, there is no basis in the record for relief under Federal Rules of Appellate procedure 4(a)(5) or 4(a)(6) because Arrington did not move to extend or reopen the appeal period or indicate in his notice of appeal that he failed to receive formal notice of the entry of the order. *See* Fed. R. App. P. 4(a)(5) (providing that a party

23-14010               Opinion of the Court                    3

may move to extend the time for filing a notice of appeal within 30 days of entry of final judgment); Fed. R. App. P. 4(a)(6)(A) (providing that the court may reopen the time to file an appeal for a period of 14 days where a party does not receive notice of the entry of the order).  Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction.  *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 21 (2017).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.