[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-14209

Non-Argument Calendar

_____

WILLIAM A. ELLIS,

                                        Plaintiff-Appellant,

*versus*

TMX FINANCE LLC,
TITTLE MAX,

                                        Defendants- Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-03992-TCB

_____

Before JORDAN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. The 30-day statutory time limit required William Ellis to file a notice of appeal from the district court's order entered on October 3, 2023 by November 2, 2023. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). However, Ellis did not file his notice of appeal until December 18, 2023.

Further, there is no basis in the record for relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6) because Ellis did not move to extend or reopen the appeal period or indicate in his notice of appeal that he failed to receive formal notice of the entry of the order. *See* Fed. R. App. P. 4(a)(5) (providing that a party may move to extend the time for filing a notice of appeal within 30 days of entry of final judgment); Fed. R. App. P. 4(a)(6)(A) (providing that the court may reopen the time to file an appeal for a period of 14 days where a party does not receive notice of the entry of the order). Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 21 (2017).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.