[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-10286

Non-Argument Calendar

_____

ROBERT A. AUSTIN,

Plaintiff-Appellant,

*versus*

ELIZABETH ROSE MCHUGH,
Magistrate,
JAMES W. MCCANN,
Judge,

Defendants-Appellees.

_____

2                      Opinion of the Court                      24-10286

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cv-14370-AMC

_____

Before JORDAN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Robert Allen Austin, proceeding *pro se*, appeals from the district court's order dismissing his complaint as frivolous. Austin's motion for relief under Rule 60, which was his first post-judgment motion challenging the dismissal, tolled the appeal period, such that it ran from the entry of the district court's paperless order denying his motion. *See* Fed. R. App. P. 4(a)(4)(A) (providing that the time to file an appeal runs from the entry of the order disposing of the last such remaining motion). Because that paperless order was entered on December 11, 2023, the 30-day statutory time limit required him to file a notice of appeal on or before January 10, 2024. *See* 28 U.S.C. § 2107(a); Fed. R. Civ. P. 59; Fed. R. App. P. 4(a)(1)(A), (4)(A). However, Austin did not file his notice of appeal until January 26, 2024.

Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 21 (2017). No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.