[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-14241

Non-Argument Calendar

————————————————

JAMES TAYLOR,

Plaintiff-Appellant,

*versus*

MCCALLA RAYMER LEIBERT PIERCE, LLC,
Foreclosure Attorney,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:23-cv-00008-JRH-BKE

2                    Opinion of the Court                    23-14241

———————————————

Before JORDAN, JILL PRYOR, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. The 30-day statutory time limit required James Taylor to file a notice of appeal from the district court's May 1, 2023 final judgment on or before May 31, 2023. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). However, Taylor did not file a notice of appeal until November 17, 2023.

Further, the record contains no basis for relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6) because Taylor did not move to extend or reopen the appeal period or indicate in his notice of appeal that he failed to receive formal notice of the entry of judgment. *See* Fed. R. App. P. 4(a)(5) (providing that a party may move to extend the time for filing a notice of appeal within 30 days of entry of final judgment); *id.* R. 4(a)(6)(A) (providing that the court may reopen the time to file an appeal for a period of 14 days where a party does not receive notice of the entry of the judgment). Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.