[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10973

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KIM A. EARLYCUTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:17-cr-00084-LMM-JKL-1

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Kim Earlycutt appeals the district court's denial of her motion for compassionate release under the First Step Act and her motion for reconsideration. The government moves to dismiss in part because Earlycutt untimely appealed the denial of her compassionate release motion.[1] After careful review, we grant the government's motion to dismiss Earlycutt's untimely appeal of the denial of her compassionate release motion, and we affirm the district court's denial of her motion for reconsideration.

On January 6, 2021, the district court denied Earlycutt's compassionate release motion on two grounds. First, the district court concluded that Earlycutt had not shown that her circumstances—medical conditions that Earlycutt said made her more susceptible to COVID-19—were either "extraordinary" or "compelling" as required by 18 U.S.C. section 3582(c)(1)(A)(i). Second, even if Earlycutt's medical conditions were extraordinary and compelling, the district court determined that the 18 U.S.C. section 3553(a) factors weighed against a sentence reduction.

Earlycutt moved for reconsideration, adding that she had since contracted COVID-19. The district court denied her motion

---

[1] The government also moves to summarily affirm the remainder of Earlycutt's appeal and stay the briefing schedule.

on February 18, 2021.  The district court found that Earlycutt had "not submitted documentation of her COVID-19 diagnosis," that "even assuming she ha[d] the disease, infection with COVID-19 d[id] not itself justify compassionate release," and that the district court had already rejected her remaining arguments in denying her compassionate release motion.

Earlycutt appealed both orders, and her notice of appeal was postmarked on March 12, 2021.  Because a prisoner's pro se notice of appeal is deemed filed on the date that it was delivered to the institution's mailing system, *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citing Fed. R. App. P. 4(c)), we deem Earlycutt's notice of appeal as filed on March 12, 2021, sixty-five days after the district court denied her compassionate release motion.

Earlycutt's notice of appeal was filed too late to challenge the January 6, 2021 denial of her compassionate release.  *See* Fed. R. App. P. 4(b)(1)(A), 4(b)(4), 26(b)(1).  Rule 4 requires a criminal defendant to file a notice of appeal within fourteen days after a district court's order.  Fed. R. App. P. 4(b)(1)(A).  Rule 4 also allows a district court to "extend the time to file a notice of appeal for a period *not to exceed [thirty] days* from the expiration of the time otherwise prescribed" by the rule "[u]pon a finding of excusable neglect or good cause."  Fed. R. App. P. 4(b)(4) (emphasis added).  But a district court cannot extend the time to file a notice of appeal "except as authorized in [r]ule 4."  Fed. R. App. P. 26(b)(1).  Earlycutt's notice of appeal was filed sixty-five days after the district court denied her compassionate release motion—long after the

expiration of both the initial fourteen-day period and the potential thirty-day extension.

Although the untimely filing of a notice of appeal by a criminal defendant "is not jurisdictional," we are required to "apply the time limits" when the government objects to the lateness. *United States v. Lopez*, 562 F.3d 1309, 1313–14 (11th Cir. 2009); *see Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17–18 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced . . . [to] ensure relief to [the] party properly raising them[.]" (alteration adopted and internal citation omitted)). Because Earlycutt's notice of appeal was untimely and the government objects to the lateness, we must dismiss her appeal in part as to the denial of her compassionate release motion.

Next, we review the district court's February 18, 2021 denial of reconsideration "for abuse of discretion." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (citation omitted). "When review is only for abuse of discretion, it means the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion." *Id.* at 912 (cleaned up).

"While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations

21-10973               Opinion of the Court                    5

and italics omitted).   And when a party abandons one of the grounds on which the district court based its judgment, "the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Earlycutt does not challenge any of the district court's grounds for denying her motion for reconsideration. No portion of her initial brief (or other appellate filings) addresses the district court's conclusions that Earlycutt had "not submitted documentation of her COVID-19 diagnosis," that "even assuming she ha[d] the disease, infection with COVID-19 d[id] not itself justify compassionate release," and that the district court had already rejected her remaining arguments in denying her compassionate release motion. Thus, Earlycutt has abandoned these arguments and the district court's denial of her motion for reconsideration "is due to be affirmed." *See United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (quoting *Sapuppo*, 739 F.3d at 683).

In any event, the district court did not abuse its discretion. "A motion for reconsideration cannot be used to 'relitigate old matters, [or] raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (citation omitted). The district court denied Earlycutt's motion for reconsideration because she had "not submitted new evidence" and because she referred to the "identical . . . medical conditions she raised as extraordinary and compelling reasons in her [m]otion for [c]ompassionate [r]elease." "Thus, the [district] [c]ourt's conclusion remain[ed] that

[Earlycutt]'s stated health issues d[id] not justify compassionate release." The district court's refusal to give Earlycutt another bite at the apple was not an abuse of discretion, and we therefore affirm.[2]

## DISMISSED IN PART; AFFIRMED IN PART.

---

[2] We deny the government's pending motion to summarily affirm the district court's denial of Earlycutt's motion for reconsideration and stay the briefing schedule as moot.