[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12010

Non-Argument Calendar

_____

In Re: MARVIN B. SMITH, III,
 SHARON H. SMITH,

Debtors.

_____

MARVIN B. SMITH, III,

Plaintiff,

SHARON H. SMITH,

Plaintiff-Appellant,

*versus*

M. DELORES MURPHY,

2                    Opinion of the Court                    22-12010

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:19-cv-00075-LGW,
Bkcy. No. 2:07-bk-20244-MJK

_____

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Sharon Smith, proceeding *pro se*,[1] appeals the district court's orders awarding attorney's fees and costs to M. Delores Murphy and denying reconsideration of that award. No reversible error has been shown; we affirm.

This appeal arises out of extensive litigation stemming from Marvin[2] and Sharon Smith's bankruptcy proceedings and from property the Smiths owned on St. Simons Island, Georgia. Pertinent to this appeal, the Smiths filed an adversary complaint against Murphy in the bankruptcy court in 2017. In June 2019, the

---

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[2] Plaintiff Marvin Smith, III, is now deceased.

bankruptcy court dismissed the complaint with prejudice. The district court affirmed the bankruptcy court's dismissal on appeal.

The Smiths then sought review of the district court's order in this Court. On 18 March 2021, we affirmed the dismissal of the Smiths' adversary complaint. *See Smith v. Murphy*, 849 F. App'x 867 (11th Cir. 2021) (unpublished). We also granted Murphy's motion for attorney's fees and costs. We concluded that sanctions under Fed. R. App. P. 38 were justified because the arguments raised by the Smiths on appeal were "frivolous and utterly without merit." We remanded to the district court for a determination of the amount of reasonable attorney's fees and costs to be awarded. *See id*.

On remand, the district court ordered Murphy to file a brief addressing the appropriate amount of attorney's fees and costs. The district court also gave the Smiths 14 days in which to file a responsive brief. Murphy filed a brief and an affidavit of her lawyer describing the attorney's fees and costs incurred during the Smiths' appeal. The Smiths filed no response.

On 6 April 2022, the district court entered an order awarding Murphy attorney's fees and costs in the amount of $5,370.40. This award amount consisted of 85% of the $6,000 flat-fee charged by Murphy's lawyer plus $270.40 in costs.

On 28 April 2022, Smith moved for reconsideration of the district court's 6 April 2022 order. Smith argued that the district court's award of attorney's fees was premature because Smith intended to file a petition for writ of certiorari with the Supreme

4                      Opinion of the Court                  22-12010

Court, as well as a petition for writ of mandamus.  Smith also asserted that she was denied her due process rights because she received no hearing and received no notice of the district court's orders, which were mailed to her former address.

The district court denied the motion for reconsideration on 2 May 2022.  Smith filed her notice of appeal in the district court on 3 June 2022.

**I.**

We first address our jurisdiction over this appeal.  Smith's notice of appeal was filed more than 30 days after the district court's 6 April 2022 order and 2 May 2022 orders and, thus, might appear untimely for both orders.  *See* Fed. R. App. P. 4(a)(1) (providing a 30-day time limit for filing a notice of appeal in a civil case); Fed. R. App. P. 6(b) (making Rule 4(a)(1) applicable to appeals in bankruptcy cases).

Even if we assume that Smith's notice of appeal was untimely-filed, we nevertheless do have jurisdiction over this appeal. Because the 30-day time limit applicable to this bankruptcy appeal is not derived from a statute, it constitutes a non-jurisdictional claim-processing rule.  *See* 28 U.S.C. § 2107 (providing explicitly that the statutory time limits for filing an appeal in a civil action "shall not apply to bankruptcy matters or other proceedings under Title 11"); *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017) ("[A] provision governing the time to appeal in a civil action qualifies as jurisdictional only if Congress sets the time.").  In addition, Murphy has filed no objection based on timeliness; so, the

timeliness issue is forfeited. *See Hamer*, 138 S. Ct. at 17-18 (explaining that a claim-processing rule may be forfeited if not raised properly by the appellee).

## II.

On appeal, Smith reiterates the arguments raised in her motion for reconsideration. We note that Smith raises no substantive challenge to the district court's manner of calculating the award amount.

We review for abuse of discretion a district court's award of attorney's fees and a district court's denial of a motion for reconsideration. *See In re Home Depot, Inc.*, 931 F.3d 1065, 1078 (11th Cir. 2019) (attorney's fees); *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (reconsideration). "A motion for reconsideration cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Richardson*, 598 F.3d at 740.

Smith first contends that she was denied her Fifth Amendment due process rights because she was not afforded a hearing and because she received inadequate notice of the district court's orders. The district court abused no discretion in denying reconsideration on these grounds.

Smith failed to demonstrate that she was entitled to an actual hearing under the circumstances involved in this case and, thus, can show no due process violation. Never did Smith request a hearing following our March 2021 remand to the district court. And Smith has failed to identify binding legal authority requiring a

district court to schedule *sua sponte* a hearing to determine the reasonable amount of attorney's fees and costs awarded under Rule 38.

Nor can we conclude that the district court failed to provide Smith with adequate notice of the district court's orders. That the district court mailed the pertinent orders to Smith at the current address then on file with the district court is undisputed. This mailing constituted adequate notice.[3]  *See* Fed. R. Civ. P. 5(b)(2)(C) (providing that a paper can be served by mailing it to the person's last known address).

As Smith acknowledges, she was responsible for keeping the district court informed of any change of address. *See* S.D. Ga. R. 11.1 ("Each attorney and *pro se* litigant has a continuing obligation to apprise the Court of any address change."). Smith contends, however, that she was unable to do so because she suffered from "debilitating vertigo, which prevented her from sitting and standing without nausea and vomiting." But Smith has offered no evidence about the date on which she changed addresses or evidence showing that her medical conditions existed at the pertinent time. On this record, the district court acted within its discretion in determining that Smith's purported medical condition was insufficient to require reconsideration.

---

[3] Contrary to Smith's assertion otherwise, neither the district court nor Murphy were required to provide Smith with electronic notice of the pertinent orders and briefs.

Smith also contends that the district court's 6 April 2022 award of attorney's fees and costs was premature. Smith says she is seeking to file with the Supreme Court an out-of-time petition for writ of certiorari and a petition for writ of mandamus which -- if granted -- might render moot the district court's award of attorney's fees. We reject this argument. When the district court issued the orders challenged on appeal, our 18 March 2021 decision awarding attorney's fees and costs -- and directing the district court to determine a reasonable award amount on remand -- remained intact. The district court abused no discretion in denying reconsideration based on Smith's speculation about future events.

Smith has demonstrated no abuse of discretion. We affirm the district court's award of attorney's fees and costs and the district court's denial of reconsideration of that award.

AFFIRMED.[4]

---

[4] In her appellate brief, Smith complains (1) that she was denied a hearing in other proceedings not before this Court; (2) that she was denied oral argument in other appeals; and (3) about alleged attorney misconduct in other cases. These matters are outside the scope of this appeal.