NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROMAN T. GONZALES,

Plaintiff - Appellee,

v.

BATTELLE ENERGY ALLIANCE, LLC,

Defendant - Appellant.

No. 25-1037

D.C. No.
4:20-cv-00102-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted February 4, 2026
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.

A jury found in favor of Roman Gonzales on two of the employment

discrimination claims he brought against Battelle Energy Alliance, LLC.  Battelle

appeals from the denial of its motion for judgment as a matter of law pursuant to

Federal Rule of Civil Procedure 50(a) and (b), or in the alternative, for a new trial

pursuant to Rule 59.  Separately, Battelle appeals the denial of its motion in limine

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

seeking to limit the testimony of Gonzales's treating physician.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo questions of law.  *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020).  "We review de novo the district court's denial of a renewed motion for judgment as a matter of law under Rule 50(b)."  *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (citation modified).  But when "ruling on a Rule 50(b) motion based on grounds not previously asserted in a Rule 50(a) motion," we are limited to plain error review.  *Id.*  We review the district court's ruling on a Rule 59 motion and its evidentiary rulings for abuse of discretion.  *Id.* at 962; *BillFloat Inc. v. Collins Cash Inc.*, 105 F.4th 1269, 1275 (9th Cir. 2024).  Because the parties are familiar with the facts, we recite only those necessary to resolve the issues presented in this memorandum disposition.

Battelle forfeited its argument that the district court made an error of law by not requiring Gonzales to exhaust the review procedure set forth in 10 C.F.R. § 1046 before filing suit in district court.  "[F]orfeiture is the 'failure to make the timely assertion of a right.'"  *Lui v. DeJoy*, 129 F.4th 770, 780 (9th Cir. 2025) (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 n.1 (2017)).  Typically, "an affirmative defense, once forfeited, is excluded from the case, and, as a rule, cannot be asserted on appeal."  *Wood v. Milyard*, 566 U.S. 463, 470

25-1037

(2012) (citation modified).[1]  Apart from its Answer to Gonzales's complaint, where Battelle made a general assertion that Gonzales failed to exhaust, Battelle raises the § 1046 exhaustion procedure for the first time on appeal.  Battelle points to two places in the record where it claims to have raised this defense.  The first is a letter Battelle filed in the district court after opening statements.  The letter explained the certification process under § 1046, but it did not contend that Gonzales was required to exhaust the § 1046 review process prior to filing suit.  Instead, Battelle merely repeated its argument that the judiciary was precluded from reviewing Battelle's decision to revoke Gonzales's § 1046 fitness-for-duty certification because "the ultimate decision-making authority for medical certification under 10 CFR 1046 is the executive branch."  Battelle also calls our attention to a series of communications between Gonzales and Battelle, and to a personnel form.  None of these mention § 1046's review process.  Battelle failed to move for dismissal or summary judgment on the basis that Gonzales failed to exhaust § 1046, nor did it raise the defense at any other point of the litigation.  We decline to revive Battelle's § 1046 exhaustion defense at this late stage.  *See id.*

Next, Battelle argues that the evidence at trial was insufficient to support the

---

[1] The exhaustion defense in this case is forfeitable.  *See Pension Ben. Guar. Corp. v. Carter & Tillery Enters.*, 133 F.3d 1183, 1187 (9th Cir. 1998) (explaining that where "the exhaustion requirement is created by agency regulations," the regulations "do not create a jurisdictional bar to the district court's consideration of [unexhausted] claims").

adverse action and causation elements of Gonzales's retaliation claim.  *See T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015) (explaining that a plaintiff asserting an Americans with Disabilities Act retaliation claim must demonstrate that he suffered an adverse action imposed by the defendant because he engaged in a protected activity).  Because Battelle first raised this argument in its Rule 50(b) motion, we review for plain error.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109 (9th Cir. 2001).  Under plain error review, we examine "whether there was *any* evidence to support the jury's verdict."  *Id.* (emphasis in original) (quoting *Patel v. Penman*, 103 F.3d 868, 878 (9th Cir. 1996)).

There was ample evidence for the jury to conclude that Gonzales suffered an adverse employment action after requesting accommodation and complaining to Battelle about perceived discrimination.  "An 'adverse employment action' is 'any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in a protected activity.'"  *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 970 (9th Cir. 2002) (quoting *Ray v. Henderson*, 217 F.3d 1234, 1244 (9th Cir. 2000)).  This includes an action that "materially affect[s] the compensation, terms, conditions, or privileges of . . . employment."  *Davis v. Team Elec. Co.*, 520 F. 3d 1080, 1089 (9th Cir. 2008) (quoting *Chuang v. U.C. Davis, Bd. of Trs.*, 225 F.3d 1115, 1126 (9th Cir. 2000)).

Battelle's decisions to remove Gonzales from his SPO role and cut his pay constitute adverse employment actions. *See Little*, 301 F.3d at 970. Both actions happened close in time to when Gonzales sought a reasonable accommodation and complained to Human Resources that he had been discriminated against. This sequence provided the jury with circumstantial evidence of causation. *Id.*; *see Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1003 (9th Cir. 2009).

Battelle also contends that there was insufficient evidence to support Gonzales's "regarded as" claim because Gonzales could not demonstrate that he was a "qualified individual" after Battelle revoked his § 1046 fitness-for-duty certification. We disagree. The record contains support for Gonzales's assertion that Battelle's revocation of his § 1046 fitness-for-duty certification was pretextual. Before Battelle revoked the certification, Gonzales was certified for three years and performed his job without incident while taking prescription opiates. And although Battelle points to positive drug tests in late 2017 and early 2018, Battelle renewed Gonzales's certification *after* Battelle learned of those test results. Gonzales's treating physician also testified at trial that Gonzales was likely able to perform his job functions. In short, the jury could have concluded that because no material change in circumstances occurred between Battelle's last renewal of Gonzales's fitness-for-duty certification and Battelle's decision to terminate the

25-1037

certification, Gonzales remained qualified.[2]

Battelle next argues that the jury's finding that Battelle did not fail to accommodate Gonzales was logically inconsistent with its finding that Battelle retaliated against Gonzales by failing to place him in a different position. Battelle's argument rests on the premise that the only adverse action at issue was Battelle's failure to place Gonzales in a different position within the company. Battelle's potential adverse actions were not so limited. The jury heard evidence that Battelle took other steps that were materially adverse to Gonzales, such as changing his position and decreasing his pay. We conclude that the district court did not abuse its discretion by denying Battelle's motion for a new trial.

Battelle also contends that the district court abused its discretion by permitting Dr. Rindfleisch to testify because he was not qualified to opine on whether Gonzales's use of pain medications justified the revocation of his medical certifications. We see no abuse of discretion. The district court expressly precluded Dr. Rindfleisch from "offer[ing] his opinion on whether Gonzales met the legal requirements" of the medical certifications and reasonably found that because Dr. Rindfleisch was Gonzales's treating physician from at least November 2016 to January 2021, he was qualified to "testify to his diagnosis, treatment, and

---

[2] Battelle also argues that Battelle's certification decisions were "unreviewable." We reject this argument in a simultaneously filed opinion.

care of Gonzales, and to any medical opinions he formed during the course of treating Gonzales."

Finally, Battelle appeals the district court's order reinstating Gonzales's employment, arguing that reinstating Gonzales was not feasible. Gonzales represented in his briefing and at oral argument that he was reinstated after Battelle filed its opening brief. Because Battelle did not dispute that Gonzales was reinstated and did not address this issue in its reply brief or at oral argument, we do not reach the merits of this issue.

**AFFIRMED.**