# Supreme Court of Texas

No. 25-0588

In the Interest of J.D.H., a Child

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

JUSTICE SULLIVAN, joined by Justice Young and Justice Hawkins, dissenting.

Federal and state courts alike hold that a timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. Because the notice of appeal is a document of jurisdictional significance, a court of appeals is powerless to review a judgment absent a timely notice—even if the failure to file it is a *lawyer's* fault. Yet today the Court holds that a parent whose ineffective lawyer files an untimely notice of appeal from a judgment terminating parental rights can still appeal that judgment. Because my genuine sympathy for this parent can't confer appellate jurisdiction, I respectfully dissent.

**I**

Five years ago, the Department of Family and Protective Services removed Julian,* who was one year old at the time, from his parents because of concerns about their drug use, criminal history, and domestic violence. The district court entered a temporary order appointing DFPS as Julian's managing conservator and requiring his parents to participate in services. The services didn't result in reunification, so DFPS sought termination of parental rights. The district court completed the trial almost four years after DFPS had removed Julian. *Cf. In re J.M.*, ___ S.W.3d ___, 2026 WL 1614375, at *1 (Tex. June 5, 2026) (Sullivan, J., concurring in the denial of the petition for review) ("District courts dragging out parental-termination trials isn't a new problem. But it's a big one.").

On January 31, 2025, the district court signed a final judgment terminating both parents' rights based on Section 161.001(b)(1)(D), (E), and (O) of the Family Code. (The court also terminated the father's rights based on Section 161.001(b)(1)(N), but his rights aren't at issue here.) Julian's mother, Amelia, claims that she wanted to appeal.

In a parental-termination case, a party must file a notice of appeal within 20 days of the date the judgment was signed. *See* Tex. R. App. P. 26.1(b), 28.4(a)(1). But Amelia didn't appeal before the February 20 deadline. Just before that date, a new lawyer appeared on Amelia's behalf and then, eight days *after* the deadline to appeal, filed a motion for new trial. The motion alleged insufficient evidence

_____

* I refer to the child by the alias "Julian" and his mother by the alias "Amelia." *See* Tex. R. App. P. 9.8(b).

and ineffective assistance of counsel on the part of her first lawyer. The district court didn't rule on the motion.

Several weeks later, a third lawyer appeared on Amelia's behalf and, on May 7, filed a document styled as a notice of appeal. A fourth lawyer appeared on Amelia's behalf in the court of appeals. Two days after the fourth lawyer appeared, the court of appeals notified Amelia that her appeal was untimely and directed her to show cause why the court shouldn't dismiss the appeal for lack of appellate jurisdiction.

In response, the fourth lawyer argued that trial counsel's failure to timely appeal amounted to ineffective assistance of counsel. The fourth lawyer asked the court of appeals to abate the appeal and remand for a determination of whether trial counsel had been effective. The court of appeals declined. It explained that an untimely notice of appeal doesn't invoke appellate jurisdiction, period. No. 14-25-00355-CV, 2025 WL 1587115, at *1 (Tex. App.—Houston [14th Dist.] June 5, 2025) (per curiam). Amelia filed a petition for review through her fourth lawyer.

## II

"A timely notice of appeal is an essential prerequisite for the appellate court's jurisdiction." *Mitschke v. Borromeo*, 645 S.W.3d 251, 253 (Tex. 2022); *see, e.g.*, *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010); *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005). This is true even in parental-termination cases. *See In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). Amelia's lawyers missed the notice-of-appeal deadline, "[a]nd if the notice of appeal was untimely, then the appeal is jurisdictionally barred." *Mitschke*, 645 S.W.3d at 259.

3

In the federal courts, as in Texas courts, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). But in federal court, it's because 28 U.S.C. § 2107 prescribes a statutory deadline for the notice of appeal, which is reflected in the Federal Rules of Appellate Procedure. *See id.* at 211–12 (describing "the jurisdictional distinction between court-promulgated rules and limits enacted by Congress"). "[A] provision governing the time to appeal in a civil action qualifies as jurisdictional only if Congress sets the time," for "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 19 (2017) (internal quotation marks omitted).

Texas doesn't have a statutory analogue to 28 U.S.C. § 2107. In most cases, the due date for a notice of appeal is set solely by Rule 26.1 of the Texas Rules of Appellate Procedure. Perhaps a purely rule-based deadline shouldn't carry jurisdictional consequences. After all, it's not up to this Court, in promulgating such rules, to decide how much jurisdiction to confer upon the courts of appeals. That power belongs to the Legislature. *See* Tex. Const. art. V, § 6(a) ("Said Courts of Appeals shall have appellate jurisdiction . . . under such restrictions and regulations as may be prescribed *by law*." (emphasis added)).

In this case, however, the tardiness of Amelia's lawyers ran afoul of a statute, not just a rule. Section 263.405(a) of the Family Code imposes a 20-day deadline for noticing an appeal from a judgment that terminates parental rights, insofar as it incorporates by reference the timeline set forth in Rule 26.1. *See* Tex. Fam. Code § 263.405(a) ("An appeal of a final order rendered under this subchapter is governed by

the procedures for accelerated appeals in civil cases under the Texas Rules of Appellate Procedure.").  It makes no difference that Section 263.405(a) incorporates Rule 26.1 by reference instead of using the words "20 days."  Plenty of statutes incorporate rules by reference, and we routinely treat those incorporations as valid.  *See, e.g.*, *In re K.M.L.*, 443 S.W.3d 101, 118 (Tex. 2014); *In re YRC Inc.*, 646 S.W.3d 805, 809 (Tex. 2022) (per curiam).

Amelia's notice of appeal was therefore due on February 20, 2025, which is 20 days after the judgment terminating her parental rights was signed.  *See* Tex. R. App. P. 26.1(b) ("[I]n an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed . . . ."); *see also K.A.F.*, 160 S.W.3d at 927 (holding that a motion for new trial doesn't extend this deadline).  Her lawyers didn't file a notice of appeal until May 7, 2025.  That should be the end of this case because "the absence of a timely notice of appeal prevents the appellate court from ever exercising jurisdiction in the first place." *Mitschke*, 645 S.W.3d at 260.

**III**

A direct attack on a judgment, such as an appeal, "must be brought within a definite time period after the judgment's rendition." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012).  Given that "the time to bring a direct attack" had already expired when Amelia filed her notice of appeal, she can "only attack [the] judgment collaterally." *Id.* at 272.  The Court relies on a habeas case that proves the point. *Ante* at 5–6 (citing *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988)).

In *Axel*, a robber was unconstitutionally denied effective assistance of counsel when his lawyer failed to help him file a notice of

5

appeal from the judgment of conviction. 757 S.W.2d at 374–75. As a remedy, the Court of Criminal Appeals granted habeas relief, vacated the judgment, and remanded so he could file a timely notice of appeal once the district court entered a fresh judgment. *Id.* at 375. Thus, a collateral attack (habeas) had to succeed before the robber could pursue a direct attack (appeal) that was foreclosed by the passage of time.

I don't see how *Axel* helps Amelia, unless there's a way for her to collaterally attack this parental-termination judgment. Unlike the robber in that case, she hasn't asked us to freshen the judgment by issuing a writ of habeas corpus. Even if she had, we lack habeas jurisdiction except where "a person is restrained in his liberty by virtue of an order, process, or commitment issued by a court or judge on account of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." Tex. Gov't Code § 22.002(e); *see* Tex. Const. art. V, § 3(a). That hardly describes this case.

\* \* \*

Appellate jurisdiction is lacking because Amelia's notice of appeal was untimely. Her lawyers' failure to notice an appeal may well be ineffective assistance of counsel, but "this Court has no authority to create equitable exceptions to jurisdictional requirements." *Bowles*, 551 U.S. at 214. I respectfully and reluctantly dissent.

James P. Sullivan
Justice

**OPINION FILED:** June 19, 2026

6